IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) <br> 425 Third Street, S.W., Suite 800 ) <br> Washington, DC 20024, ) <br>                                            ) <br>            Plaintiff, ) <br>                                            ) <br> v.                                          ) <br>                                            ) <br> DEPARTMENT OF THE NAVY, ) <br> 2000 Navy Pentagon ) <br> Washington, DC 20350-2000, ) <br>                                            ) <br>            Defendant. ) <br> _____) | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant Department of the Navy to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street, S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. In furtherance of its public interest

1

mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

4. Defendant is an agency of the United States Government and is headquartered at Department of the Navy, 2000 Navy Pentagon, Washington, DC 20350-2000. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On October 21, 2011, Plaintiff sent a FOIA request to Defendant, seeking access to the following:

> 1. Any and all records regarding concerning or related to the $100,268,000 firm-fixed-price task order awarded to SunPower, Inc. on September 30, 2011 (ref. Contract Number N62583-10-D-0030, Task Order 0002).
>
> 2. Any and all records of communication between any official, officer or employee of the Department of the Navy and any official officer or employee of any other government agency, department or office regarding, concerning or related to the aforementioned task order.
>
> 3. Any and all records of communications between any official, officer or employee of the Department of the Navy and any officer, employee or representative of Lang, Hansen, O'Malley and Miller, a government relations firm headquartered in Sacramento, CA.

6. Defendant acknowledged receipt of Plaintiff's FOIA request by letter dated October 25, 2011 and assigned the request No. 2012F100121. However, Defendant's acknowledgment letter did not state when Plaintiff could expect to receive a substantive response to its request.

7. Plaintiff subsequently received a second letter from Defendant dated October 27, 2011 stating that Plaintiff's request had been redirected to the Naval Facilities Engineering

Command in Washington, DC, a component of Defendant. However, Defendant's October 27, 2011 letter also did not state when Plaintiff could expect to receive a substantive response to its request.

8. Plaintiff subsequently received a third letter from Defendant dated November 1, 2011 stating that Plaintiff's request had also been assigned No. 2012F110143. However, Defendant's November 1, 2011 letter also did not state when Plaintiff could expect to receive a complete response to its October 21, 2011 FOIA request.

9. Plaintiff subsequently received a fourth letter from Defendant dated November 2, 2011 stating that Plaintiff's request had been redirected to the Naval Facilities Engineering Command in Port Hueneme, CA a component of Defendant. However, Defendant's November 2, 2011 letter also did not state when Plaintiff could expect to receive a substantive response to its request.

10. Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant was required to respond to Plaintiff's FOIA request within twenty (20) working days or by December 4, 2011.

11. As of the date of this Complaint, Defendant has failed to produce any records responsive to Plaintiff's request or demonstrate that responsive records are exempt from production. Nor has it indicated whether or when any responsive records will be produced. Other than to acknowledge receipt of the request and inform Plaintiff that its request was being processed, Defendant has failed to respond to the request in any manner.

12. Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA request, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

13. Plaintiff realleges paragraphs 1 through 12 as if fully stated herein.

14. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

15. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: February 1, 2012

Respectfully submitted,

JUDICIAL WATCH, INC.

/s/ Paul J. Orfanedes
Paul J. Orfanedes
D.C. Bar No. 429716

/s/ Jason B. Aldrich
Jason B. Aldrich
D.C. Bar No. 495488
425 Third Street, S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Attorneys for Plaintiff*