# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12-cv-00172 (BAH) |
| ) | Judge Beryl A. Howell |
| DEPARTMENT OF THE NAVY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ANSWER

Defendant United States Department of the Navy, by and through undersigned counsel, hereby answers the Complaint of Plaintiff Judicial Watch, Inc., as follows:

Introductory Paragraph. The allegations contained in this paragraph consist of Plaintiff's characterization of its Complaint, to which no response is required.

## JURISDICTION AND VENUE

1.  The allegations contained in this paragraph consist of legal conclusions, to which no response is required.

2.  The allegations contained in this paragraph consist of legal conclusions, to which no response is required.

## PARTIES

3.  Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

4.  Defendant admits that the United States Department of the Navy ("Navy") is an agency of the United States Government and has an office at 2000 Navy Pentagon, Washington, DC, 20350-2000.  All other allegations in this paragraph consist of legal conclusions, to which

no response is required.

## STATEMENT OF FACTS

5.  Defendant is unable to admit or deny for lack of knowledge as to information sufficient to form a belief as to the truth of when Plaintiff sent the FOIA request to Defendant, but admits that the FOIA request is dated October 21, 2011.  The remaining allegations in this paragraph characterize Plaintiff's FOIA request, to which the Court is respectfully referred for a complete and accurate statement of its contents.

6.  The first sentence of paragraph 6 is admitted.  The remaining allegations in this paragraph characterize Defendant's letter to Plaintiff dated October 25, 2011, to which the Court is respectfully referred for a complete and accurate statement of its contents.

7.  The first sentence of paragraph 7 is admitted.  The remaining allegations in this paragraph characterize Defendant's letter to Plaintiff dated October 27, 2011, to which the Court is respectfully referred for a complete and accurate statement of its contents.

8.  The first sentence of paragraph 8 is admitted.  The remaining allegations in this paragraph characterize Defendant's letter to Plaintiff dated November 1, 2011, to which the Court is respectfully referred for a complete and accurate statement of its contents.

9.  The first sentence of paragraph 9 is admitted.  The remaining allegations in this paragraph characterize Defendant's letter to Plaintiff dated November 2, 2011, to which the Court is respectfully referred for a complete and accurate statement of its contents.

10.  The allegations in this paragraph consist of legal conclusions, to which no response is required.

11.  The allegations in the first sentence of this paragraph are admitted.  Defendant

admits that Defendant has not indicated whether or by what date any responsive records will be produced.  The allegations in the third sentence of this paragraph are denied.

12.  The allegations in this paragraph consist of legal conclusions, to which no response is required.

### COUNT I

13.  Defendant repeats and realleges the responses made in paragraphs 1 through 12.

14.  The allegations in this paragraph consist of legal conclusions, to which no response is required.

15.  Denied.

The remaining paragraph of the Complaint contains Plaintiff's requested relief, to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations contained in the remaining paragraph of the Complaint and further avers that Plaintiff is not entitled to any relief.  Any allegation not specifically addressed is denied.

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The FOIA request that is the subject of this lawsuit may implicate certain information that is protected from disclosure by one or more statutory exemptions.  Disclosure of such information is not required.

### Third Affirmative Defense

Plaintiff's FOIA request that is the subject of this lawsuit fails to reasonably describe the records sought.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays for a judgment dismissing the Complaint with prejudice and for such other relief as the Court may deem just.

Dated: May 3, 2012                    Respectfully submitted,


                                      RONALD C. MACHEN JR., DC Bar #447889
                                      United States Attorney
                                      for the District of Columbia

                                      DANIEL F. VAN HORN, DC Bar #924092
                                      Acting Chief, Civil Division

                     By:          /s/
                                      _____
                                      J. GREGORY LENNON
                                      Special Assistant United States Attorney
                                      United States Attorney's Office
                                      555 4th Street, NW
                                      Washington, DC 20530
                                      202-353-4024
                                      greg.lennon@usdoj.gov
                                      Attorneys for Defendant

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 3, 2012, a true and correct copy of the foregoing Answer was served upon Plaintiff's counsel of record via ECF at the addresses listed below:

> Jason B. Aldrich
> JUDICIAL WATCH, INC.
> 425 Third Street, SW
> Suite 800
> Washington, DC 20024
> (202) 646-5172
> Email: jaldrich@judicialwatch.org
>
> Paul J. Orfanedes
> JUDICIAL WATCH, INC.
> 425 Third Street, SW
> Suite 800
> Washington, DC 20024
> (202) 646-5172
> Fax: (202) 646-5199
> Email: porfanedes@judicialwatch.org

Dated: May 3, 2012                    /s/ J. Gregory Lennon
                                      J. GREGORY LENNON